(No. 3801— ▮▮▮▮▮▮▮▮▮▮)

HIBBARD, SPENCER BARTLETT & Co., A CORPORATION, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed January 12, 1944.*

Claimant, pro se.

GEORGE F. BARRETT, Attorney General; ROBERT V. OSTROM, Assistant Attorney General, for respondent.

CHIEF JUSTICE DAMRON delivered the opinion of the court:

Hibbard Spencer Bartlett & Company is a corporation doing business in the State of Illinois and as such it is engaged in a wholesale hardware business in Chicago.

On July 24, 1940, it received from the Jacksonville State Hospital of Jacksonville, Illinois, an order designated by said hospital as Purchase Order No. C-63468 for eighteen packages of clinching nails and for two kegs of one-hundred pounds each of galvanized fence staples; on July 26 said shipment went forward to said hospital as per order. On July 29 two orders for exactly the same merchandise were received by claimant from the said Jacksonville State Hospital on Purchase Orders No. C-67285—C-67286, containing the following statement "This cancels the above item of P. O. C-63468." All purchase orders were filled. Orders No. C-67285 and

C-67286 were paid by the hospital. The hospital returned no merchandise shipped on these orders by claimant.

The Attorney General admits that this claim should be paid. The goods were as represented, the price was reasonable and there was an existing appropriation from which said goods could have been paid had they been vouchered before the lapse of the biennium appropriation. There is no contention on the part of the respondent that the goods were not received or that they were not as represented.

We have repeatedly held that an award may be made for supplies for a State institution after the lapse of an appropriation out of which payment should be made where there was sufficient unexpended balance therein at the time of purchase and where a bill therefor in correct amounts was presented within a reasonable time and due to no fault of claimant before such lapse.

This claim was presented for payment in apt time.

We find the bill therefor had been submitted within a reasonable time but that the appropriation had lapsed without any fault or neglect on the part of the claimant, and we further find that at the time the bills were incurred there remained a sufficient unexpended balance in the appropriation to pay for same. This claim comes within the requirements as set out in *City of Kankakee* vs. *State*, 12 C. C. R. 393.

The invoice and bill of particulars shows the fair and reasonable charges on Purchase Order No. C-63468 amounted to the sum of $15.80.

An award is therefore made in favor of claimant in the sum of Fifteen Dollars and Eighty Cents ($15.80).